# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KENT E. GREENHALGH

      Plaintiff,

vs.                                                            No. CV 17-01003 WJ/KBM

DR. MARK WALDEN, N.M. DEPT OF
CORRECTIONS, GEO CORP.
CLAYTON N.M. MEDICAL STAFF,

      Defendants.

# **ORDER TO SHOW CAUSE**

      THIS MATTER is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Prisoner's Civil Rights Complaint filed by Plaintiff Kent E. Greenhalgh on October 4, 2017 (Doc. 1). It appears on the face of the Complaint and the record that Greenhalgh's claims are barred by the applicable state of limitations. Therefore, the Court will order Greenhalgh to show cause why the Complaint should not be dismissed as untimely.

      Greenhalgh's Complaint is for civil rights violations under 42 U.S.C. § 1983. (Doc. 1 at 2). Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell,* 756 F.3d at1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949

(10th Cir. 2012). State law personal injury claims in New Mexico are also governed by the § 37-1-8 three-year statute of limitations. *See Roberts v. Southwest Community Health Services,* 114 N.M. 442, 837 P.2d 442 (1992).

The applicable statute of limitations for Greenhalgh's claims under § 1983 is the three-year statute of limitations of § 37-1-8. A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). In this case, it appears on the face of the Complaint that the events giving rise to Greenhalgh's claim occurred, and his civil rights cause of action accrued, more than three years prior to filing of the Complaint.

Greenhalgh's Complaint alleges claims arising out of sexual assault by Dr. Mark Walden in violation of Greenhalgh's Eighth Amendment constitutional rights. (Doc. 1 at 2-3). Greenhalgh specifically alleges that the events giving rise to his claims took place while he "was incarcerated 9-2008 to 1-2010 at the Clayton N.M. Prison." (Doc. 1 at 3). Greenhalgh's Complaint was not filed until October 4, 2017, more than seven years after the event underlying his claims. Greenhalgh's Complaint appears to be barred by the three-year statute of limitations of § 37-1-8. Therefore, the Court will order Greenhalgh to show cause why the Complaint should not be dismissed as time-barred, including addressing any arguments that Greenhalgh may have for tolling of the statute of limitations, within thirty (30) days of entry of the Memorandum Opinion and Order.

Wherefore,

IT IS ORDERED that Plaintiff Kent E. Greenhalgh shall, within thirty (30) days of entry of this Order, show cause why his Prisoner's Civil Rights Complaint should not be dismissed as untimely under N.M.Stat.Ann. § 37-1-8 (1978).

_____
UNITED STATES MAGISTRATE JUDGE