IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENT E. GREENHALGH

       Plaintiff,

vs.                                             No. CV 17-01003 WJ/KBM

DR. MARK WALDEN, N.M. DEPT OF
CORRECTIONS, GEO CORP.
CLAYTON N.M. MEDICAL STAFF,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Prisoner's Civil Rights Complaint filed by Plaintiff Kent E. Greenhalgh on October 4, 2017 (Doc. 1) ("Complaint"). The Court will dismiss the Complaint as barred by the statute of limitations.

Plaintiff Kent Greenhalgh is a prisoner in the custody of the New Mexico Corrections Department. Greenhalgh has a long history of criminal charges and convictions for possession of controlled substances, trafficking, and residential burglary in the State of New Mexico. *See State v. Greenhalgh,* State of New Mexico District Court Nos. D-1116-CR-2005-00666, D-1116-CR-2006-00417, D-1116-CR-2008-00464, D-202-CR-2010-02378, D-202-CR-2011-01503, D-1329-CR-2012-00408, D-202-CR-2013-02771, and D-202-CR-2015-01357. Greenhalgh is proceeding pro se and *in forma pauperis.*

Greenhalgh was incarcerated at the "Geo Prison" in Clayton, New Mexico from "9-2008 to 1-2010". (Doc. 1 at 1, 3). During the time he was incarcerated at the Clayton facility, Greenhalgh suffered an injury to his left thumb and requested a medical practitioner's help.

(Doc. 1 at 3). Greenhalgh alleges that he was seen by Defendant, Dr. Mark Walden, on three occasions and, during each examination, was subjected to a prostate exam by Dr. Walden. (Doc. 1 at 3-4). Greenhalgh claims that the prostate examinations were unnecessary and caused him to suffer physical and emotional trauma. (Doc. 1 at 3). Greenhalgh complained about the prostate examinations to Dr. Walden at the time of the examinations. (Doc. 1 at 3). Greenhalgh seeks $118,000 in damages for each visit to Dr. Walden and "punitive damages for future medical concerns plaintiff has due to lung cancer." (Doc. 1 at 4).

On March 22, 2018 the Court entered an Order to Show Cause. (Doc. 42). The Court stated that "[i]t appears on the face of the Complaint and the record that Greenhalgh's claims are barred by the applicable statute of limitations." (Doc. 8 at 1). The Court ordered Greenhalgh to show cause within thirty days why the Complaint should not be dismissed as untimely. (Doc. 8 at 2). Greenhalgh did not respond to the Order to Show Cause.

Greenhalgh's Complaint is for civil rights violations under 42 U.S.C. § 1983. (Doc. 1 at 2). Greenhalgh's Complaint alleges claims arising out of medical examinations by healthcare provider Dr. Mark Walden in violation of Greenhalgh's 8th Amendment constitutional rights. (Doc. 1 at 2-9). Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014); *Wilson v. Garcia,* 471 U.S. 261, 269 (1985).

Section 37-1-8 applies to Greenhalgh's claims and bars personal injury actions "not brought within three years of accrual of the cause of action." *Maestas v. Zager,* 2007-NMSC-003, ¶ 15, 152 P.3d 141 (internal quotation marks and citation omitted). The cause of action accrues when "the plaintiff knows or with reasonable diligence should have known of the injury

and its cause." *Maestas,* 2007-NMSC-003, ¶ 18, 152 P.3d 141 (internal quotation marks and citation omitted); *Varnell,* 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012); *Bolden v. Village of Corrales,* 111 N.M. 721, 722, 809 P.2d 635, 636 (Ct.App.1990).

A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (noting that a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). In this case, it appears on the face of the Complaint that the events giving rise to Greenhalgh's claim occurred, and his cause of action accrued, more than three years prior to filing of the Complaint. Greenhalgh specifically alleges that the events giving rise to his claims took place between September 2008 and January, 2010. (Doc. 3). The allegations of the Complaint establish that Greenhalgh thought the examinations were improper and complained to Dr. Walden about them at the time of the examinations. (Doc. 1 at 3). Greenhalgh's Complaint was not filed until October 4, 2017, more than seven years after he knew or should have known of the wrongful events underlying his claims. *Maestas,* 2007-NMSC-003, ¶ 18, 152 P.3d 141. On the face of Greenhalgh's Complaint, his claims are barred by the three-year statute of limitations of § 37-1-8. Absent tolling of the statute of limitations, Greenhalgh's claims are subject to dismissal as time-barred. *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d at 1212.

Questions of tolling, like the limitation period, are determined by state law in § 1983 actions. *Wilson v. Garcia,* 471 U.S. at 269; *Sain v. City of Bend,* 309 F.3d 1134, 1138 (9th

Cir.2002); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d at 1212–13. Under New Mexico law, equitable tolling is a non-statutory tolling principle that provides relief in cases when exceptional circumstances beyond the plaintiff's control preclude filing suit within the statute of limitations. *See Snow v. Warren Power & Mach., Inc*., 2015–NMSC–026, ¶ 24, 354 P.3d 1285. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Slusser v. Vantage Builders, Inc.,* 2013–NMCA–073, ¶ 16, 306 P.3d 524 (internal quotation marks and citation omitted). Exceptional circumstances require that a plaintiff demonstrate "an extraordinary event beyond his or her control." *Ocana v. Am. Furniture Co.*, 2004–NMSC–018, ¶ 15, 91 P.3d 58; *Little v. Baigas*, 2017-NMCA-027, ¶ 12, 390 P.3d 201, 207.

The Court's Order to Show Cause directed "Greenhalgh to show cause why the Complaint should not be dismissed as time-barred, *including addressing any arguments that Greenhalgh may have for tolling of the statute of limitations*." (Doc. 8 at 2) (emphasis added). Greenhalgh did not respond to the Court's Order to Show Cause. Greenhalgh's Complaint asserts that he reported the events involving Dr. Walden to prison officials and was informed that an investigation was underway. (Doc. 1 at 4-5). He claims that "PREA and GEO failed Mr. Greenhalgh by saying his claim was unfounded." (Doc. 1 at 4). Greenhalgh's allegations do not demonstrate that he was diligent in pursing his rights or that any extraordinary circumstance beyond his control prevented his filing of a timely complaint. *Little v. Baigas*, 2017-NMCA-027, ¶ 12. There is no basis in the record for tolling of the statute of limitations in this case and Greenhalgh's claims are barred by the three-year statute of limitations.[1] *Little v. Baigas*, 2017-

---

[1] Plaintiff Greenhalgh does not expressly allege any state-law claims, but does mention the word "tort." (Doc. 1 at 5, ¶ 3). Any New Mexico tort claims would be barred by the shorter, two-year statute of limitations of N.M.Stat.Ann. § 41-4-15.

4

NMCA-027, ¶ 12, 390 P.3d at 207. The Court will dismiss Greenhalgh's Complaint as time-barred. *Jones v. Bock*, 549 U.S. at 214-15.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Kent E. Greenhalgh on October 4, 2017 (Doc. 1) is **DISMISSED** under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) as barred by the statute of limitations.

_____
CHIEF UNITED STATES DISTRICT JUDGE